UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY LYNN REVERE,

       Plaintiff,

v.

MERS; (MERSCORP); MERSCORP Board of
Directors; President and CEO R.K. Arnold;
MERS CEO Paul Mullings; MERS SVP Bill
Hultman; MERS EVP Dan McLaughlin; Other
Unknown John & Jane Doe MERS Officers;
including, but not limited to, Chief Financial
Officer, Chief Operating Officer; including, but
not limited to, Assistant Secretaries of MERS,
All Certifying Officers, Any and All Third-Party
Debt Collection Agents, Attorneys, Appointees
By MERS Membership Resolution;
individually, jointly, and severally in corporate
and private capacity 1 through 100,

       Defendants.
_____/

Case No. 10-10580
Honorable Patrick J. Duggan

## **OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 19, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On December 30, 2009, Plaintiff initiated a *pro se* action against Defendants in the Circuit Court for Oakland County, Michigan. Defendant MERS removed Plaintiff's Complaint to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446 on February 10, 2010. Presently before the Court is MERS' motion to dismiss pursuant to Federal

Rules of Civil Procedure 12(b)(5) and (6) and Plaintiff's motion to remand. For the reasons that follow, the Court denies Plaintiff's motion to remand this matter to state court and grants MERS' motion to dismiss.

**Factual and Procedural Background**[1]

This action arises from foreclosure and eviction proceedings related to real property located at 2640 Hummer Lake Road in Ortonville, Michigan ("property"). On November 23, 2005, Plaintiff signed a mortgage on the property. The mortgage identified MERS as the mortgagee. On October 4, 2007, Plaintiff was notified that foreclosure proceedings were being instituted against the property as a result of outstanding mortgage debt totaling $294,018.05. A foreclosure sale occurred on November 6, 2007, where MERS was the highest bidder. On November 16, 2007, MERS quit claimed the property to the Bank of New York.

On November 20, 2008, the Bank of New York filed a complaint for termination of tenancy against "[Plaintiff], Mr. Occupant, and Mrs. Occupant" in the 52nd District Court- 2nd Division in Clarkston, Michigan ("district court"). Following a hearing in the district court on December 16, 2008, where Plaintiff was present, Judge Kelley Kostin issued a judgment granting the Bank of New York the right to possess the property. On January 9, 2009, Plaintiff filed an appeal of the district court's judgment in the Circuit

---

[1] These facts are taken from this Court's August 31, 2009 opinion and order in a previous case filed by Plaintiff against MERS and other defendants. *See Revere v. Bank of New York, et al.*, No. 09-11851, 2009 WL 2849541 (E.D. Mich. 2009).

Court for Oakland County, Michigan. In an opinion and order dated April 6, 2009, the Honorable Mark A. Goldsmith granted the Bank of New York's motion and dismissed Plaintiff's appeal.

Plaintiff thereafter filed an "Emergency Ex-Parte Motion for Stay of Eviction Proceedings" in the district court. Judge Kostin held a hearing with respect to Plaintiff's motion on May 11, 2009. Plaintiff was present at the hearing. At the conclusion of the hearing, Judge Kostin denied Plaintiff's motion and issued an order of eviction.

On May 14, 2009, Plaintiff filed an action in this Court against the Bank of New York as Trustee for S Scwabs, Inc., Wilmington Finance, AIG Federal Savings Bank, Devon Title Agency, Countrywide Home Loans, and MERS. *Revere v. Bank of New York, et al.*, Civil Case No. 09-11851 (E.D. Mich.). In her complaint, Plaintiff asked the Court *inter alia* to set aside and vacate the foreclosure, sheriff's sale, sheriff's deed, quitclaim deed, and "all other related Summary Judgments and Eviction Proceedings and void fraudulent Mortgage Note Contract." (*Id*. at Doc. 1.)

The defendants subsequently filed motions to dismiss, which this Court granted in an opinion and order issued on August 31, 2009. *See Revere v. Bank of New York, et al.*, No. 09-11851, 2009 WL 2849541 (E.D. Mich. 2009). The Court concluded that it was precluded from granting Plaintiff's requested relief pursuant to the *Rooker-Feldman* doctrine and that, to the extent her claims were not barred by *Rooker-Feldman*, they were barred by the doctrine of res judicata. The Court entered a judgment dismissing Plaintiff's complaint with prejudice on August 31, 2009.

Plaintiff filed the pending action against Defendants on December 30, 2009. In her eighty-one page Complaint, Plaintiff alleges violations of Michigan law and federal law. After filing her Complaint, Plaintiff attempted to send a copy of the summonses and Complaint to MERS at its headquarters in Reston, Virginia by Certified Mail– Return Receipt Requested. The package, however was returned to her and marked "Refused" by the United States Postal Service at the Reston post office.[2] Plaintiff then sent via Priority Mail a copy of the Complaint and one summons for each Defendant to MERS headquarters. The package was delivered to MERS on January 14, 2010. (Doc. 1 Ex. C.) MERS then removed the action to federal court on February 10, 2010, and filed its pending motion to dismiss. Plaintiff filed her motion to remand the matter to state court on March 5, 2010.

## Plaintiff's Motion to Remand

In her motion, Plaintiff contends that this Court lacks subject matter jurisdiction because "the controlling statutes on the issue of [f]oreclosure are governed explicitly by State [s]tatute . . ." (Doc. 9 at 2.)

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction

---

[2]According to the affidavit of MERS' Secretary, William C. Hultman, the Reston, Virginia post office unilaterally decided to stop delivering Certified Mail to MERS from October 2008 through February 1, 2010, after MERS complained that certified letters were being delivered to its mailroom without the green signature cards attached. (Doc. 10 Ex. B.) Instead of delivering the Certified Mail to MERS, the Reston post office was returning the mail as "Refused." (*Id.*) After being contacted by MERS, the Regional Post Master ordered the Reston post office to deliver Certified Mail to MERS with the green return receipt signature cards attached. (*Id.*) Delivery resumed in February 2010. (*Id.*)

4

of all civil actions arising under the Constitution, laws, or treaties of the United States."
To determine whether "federal-question jurisdiction" exists, a court must look to the plaintiff's complaint:

> "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of [the] plaintiff's properly pleaded complaint . . . The rule makes the plaintiff the master of the claim; he or she may avoid the federal jurisdiction by exclusive reliance on state law.

*Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th Cir. 1989) (en banc) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987)). At least two counts in Plaintiff's Complaint arise under federal law: (1) Count V alleging a violation of the Federal Trade Commission Act; and (2) Count VI alleging a violation of the Truth in Lending Act. This Court therefore has federal-question jurisdiction.

Additionally, the federal courts have jurisdiction over suits involving citizens of different states, where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The statute establishing "diversity jurisdiction" provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; . . .

28 U.S.C. § 1332(a). Both requirements are satisfied in this case to grant the Court diversity jurisdiction.

In her Complaint, Plaintiff seeks "reimbursement" in the amount of $300,000 and treble damages in the amount of $19.2 million. (Doc. 1-7 at 30.) Plaintiff is a citizen of

Michigan and MERS, the only defendant served at this time, is incorporated in Delaware and has its principal place of business in Reston, Virginia. (Doc. 10 Ex. B ¶ 2.) ". . . [T]he inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."[3] *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) (citations omitted).

This Court therefore concludes that it has subject matter jurisdiction in this matter.

**MERS' Motion to Dismiss**

MERS contends that Plaintiff's Complaint is subject to dismissal because it is barred by the doctrine of res judicata. Alternatively, MERS argues that the Complaint should be dismissed for insufficient service of process and because it fails to state any claim on which relief can be granted. MERS asks this Court to enter an order prohibiting Plaintiff from filing any future action against MERS unless she first posts a bond "to cover costs, fees, and sanctions that may be levied against [her] in the future litigation." (Doc. 6 at 10 (quotation marks and citations omitted).)

The doctrine of res judicata bars Plaintiff's claims. As this Court stated in its opinion and order dismissing Plaintiff's earlier case: "The doctrine of res judicata bars claims and issues already litigated, as well as those arising from the same transaction that, with the exercise of reasonable diligence, would have been raised but were not." *Revere v. Bank of New York, et al.*, No. 09-11851, 2009 WL 2849541, at *3 (E.D. Mich. 2009) (citing *Adair v. State*, 470 Mich. 105, 121, 680 N.W.2d 386, 396 (2004)). As she did in

---

[3]The individual defendants that Plaintiff names in her Complaint have not been properly served in accordance with Federal Rule of Civil Procedure 4(e). Fed. R. Civ. P. 4(e).

6

the state court actions and in her previous federal court action, Plaintiff is asserting that the Mortgage and Note and the foreclosure and eviction proceedings are void or should be voided due to the defendants' fraud. Plaintiff's claims have been resolved on their merits. Accordingly, she is barred from re-litigating those issues here.[4]

As indicated earlier, MERS asks the Court to enter an order barring Plaintiff from filing any future actions against MERS without posting a bond. The Court declines MERS' request; however, it will require Plaintiff to seek leave of court before filing any future actions against MERS or the other defendants named in this lawsuit. Plaintiff is forewarned that if she attempts to avoid this requirement by filing a subsequent lawsuit in state court, the Court will impose sanctions against her if the action then is removed to federal court. This order should be sufficient to deter Plaintiff from filing future lawsuits attempting to relitigate the issues presented here or vexatious litigation intended simply to harass Defendants.

## Conclusion

For the reasons set forth above, the Court holds that it has subject matter jurisdiction over this matter. The Court further holds that Plaintiff's claims are barred by the doctrine of res judicata.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion to remand is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant MERS' motion to dismiss is

---

[4]The Court finds it unnecessary, therefore, to address MERS' alternative arguments in support of its motion to dismiss.

7

**GRANTED**.

**IT IS FURTHER ORDERED**, that Plaintiff may not file a subsequent lawsuit against Defendants without first obtaining leave of Court.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Cindy Lynn Revere
2640 Hummer Lake Road
Ortonville, MI 48462

Danielle J. Hessell, Esq.
Patrick J. Karbowski, Esq.